IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-377-JLK

MAXINE HENRY, an individual,

    Plaintiff

v.
TESLA, INC.

    Defendant

---

**DEFENDANT TESLA INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT, AND TO SET ASIDE ANY DEFAULT JUDGMENT ENTERED PRIOR TO ADJUDICATION OF THIS MOTION**

---

Defendant, TESLA, INC. ("Tesla"), by and though its counsel, SIDRAN LAW CORP, and pursuant to C.R.C.P. Rules 55(c) and 60(b), hereby submits the following Motion to Set Aside Entry of Default and to Set Aside Any Default Judgment Entered Prior to Adjudication of This Motion, and in support thereof states as follows. Tesla's Proposed Answer to the Complaint which will be filed immediately upon entry of an order setting aside the default is attached hereto as **Exhibit A**.

### DUTY TO CONFER

Undersigned counsel certifies that, pursuant to C.R.C.P. 121, § 1-15(8), he has conferred with counsel for Plaintiff MAXINE HENRY ("Plaintiff") regarding this motion, and *Plaintiff does not oppose the relief requested herein.*

1

## I.    INTRODUCTION

Even the largest companies in the world can make mistakes, and despite high expectations derived from public interest, public fascination and public appreciation, these companies are still comprised of human beings working together; Tesla is no different and, in this instance, something did fall between the cracks, as much as Tesla has created safeguards and procedures to avoid this exact situation.

Tesla timely assigned this case to the undersigned outside counsel at Sidran Law Corp. The managing attorney for Sidran Law Corp inadvertently left the attorney assigned to prepare a response pleading to Plaintiff's Complaint off an email chain which directed them to respond to Plaintiff's Complaint. Additionally, Counsel's legal assistant failed to calendar the respective responsive pleading's deadline of March 7, 2025. As a result, no responsive pleading in this case was filed and the error was not discovered until Tesla was served with the default papers and forwarded them to the undersigned counsel. At that point, the undersigned counsel contacted Plaintiff's counsel about setting aside the default, and they agreed not to oppose this motion.

Based on the foregoing, Tesla now moves pursuant to C.R.C.P. Rules 55(c) and 60(b) and seeks an order to (1) set aside the entry of default in favor of Plaintiff and (2) set aside any default judgment entered prior to adjudication of this motion pursuant to the good cause that will be shown through the excusable neglect of Tesla's counsel.

## II.    FACTS

1. On March 4, 2025, In House Counsel for Tesla assigned Sidran Law Corp ("Counsel") to defend the herein matter.

2

2. On March 4, 2025, the managing attorney for Counsel, David R. Sidran ("Sidran"), assigned his associate attorney to answer Plaintiff's Complaint with the due date of March 7, 2025.

3. Sidran inadvertently left the associate attorney assigned to answer Plaintiff's Complaint off the email chain, directing her to do so, with the email instead going solely to the firm's legal assistant and paralegal.

4. Counsel's legal assistant failed to calendar the March 7, 2025 due date of the responsive pleading in this matter.

5. As a result, no responsive pleading in this case was filed and the error was not discovered until Tesla was served with the default papers and forwarded them to the undersigned counsel. At that point, the undersigned counsel contacted Plaintiff's counsel about setting aside the default, and they agreed not to oppose this motion.

### III.   STANDARD OF REVIEW

To succeed on the motion to set aside the default, Tesla must demonstrate (1) excusable neglect (*Columbia Sav. & Loan Ass'n v. District Court*, 186 Colo. 212, 526 P.2d 661 (1974) ("The mistake, inadvertence, surprise, or excusable neglect subject to correction under this rule must be by a party to the action or his legal representative; *Craig v. Rider*, 628 P.2d 623 (Colo. App. 1980), *rev'd on other grounds*, 651 P.2d 397 (Colo. 1982) ("Excusable neglect sufficient to vacate an order results from circumstances which would cause a reasonably careful person to neglect a duty, and the issue of negligence is determined by the trier of fact."); *Messler v. Phillips*, 867 P.2d 128, 136 (Colo. App. 1993) ("In general, excusable neglect involves unforeseen occurrences that would cause a reasonably prudent person to overlook a required act in the performance of some responsibility. Failure to act because of carelessness and negligence is not excusable neglect.); *cf.*

*Biella v. State Dept. of Hwys.*, 652 P.2d 1100 (Colo. App. 1982) ("A party's own negligence not excusable neglect, including where a party's own carelessness resulted in its failure to file a responsive pleading.")) and (2) a *prima facie* meritorious defense (*Henritze v. Borden Co.*, 163 Colo. 589, 432 P.2d 2 (1967) ("A motion to vacate a judgment must allege a defense which is "prima facie" meritorious…A meritorious defense must be stated with such particularity that the court can see that it is a substantial and meritorious defense, and not merely a technical or frivolous one").), both of which are present in this matter.

## IV.     ARGUMENT

### A. Counsel's Inadvertent Mistake Of Leaving The Assigned Associate Attorney Off The Assignment Email Constitutes Excusable Neglect.

Tesla respectfully submits that the above-described circumstances concerning Tesla's Counsel's inadvertent mistake of leaving the associate attorney assigned to answer the Complaint in this matter and failure to calendar the responsive pleading date as excusable neglect. Counsel's respective associate attorney and her legal assistant share the same initials and beginnings of their email addresses. When Sidran emailed the associate attorney assigned to this case, he inadvertently emailed the assignment to only the legal assistant who shares the same initials/beginning of email address as the respective associate attorney. As such, it cannot be said that Counsel's neglect of filing a responsive pleading was the result of "carelessness" or "negligence," but instead was the direct result of excusable neglect.

### B. Tesla Has *Prima Facie* Meritorious Defenses.

Tesla has strong defenses to every one of Plaintiff's claims, that if not considered, would deprive Tesla of its right to have its defenses heard, in degradation of its right to due process of law. In short, every single one of Plaintiff's causes of action fails based on the allegations in

Plaintiff's Complaint. Tesla's Answer to Plaintiff's Complaint containing meritorious defenses is being filed herewith.

## V.   CONCLUSION

Based on the foregoing, Tesla respectfully submits that it has established, pursuant to C.R.C.P. Rules 55(c) and 60(b), the grounds for relief from the excusable mistake of failing to timely file a pleading responsive to Plaintiff's Complaint: (1) Counsel's inadvertence of leaving the assigned associate attorney off an assignment email thread and Counsel's failure of calendaring a responsive pleading date was excusable mistake, which caused Tesla's inadvertent default and (2) Tesla has *prima facie* meritorious defenses to all of Plaintiff's causes of action based on Plaintiff's own allegations. Accordingly, Defendant TESLA, INC. respectfully submits that this Motion to Set Aside Entry of Default, and to Set Aside Any Default Judgment Entered Prior to Adjudication of This Motion should be granted.

Dated this 25th day of March 2025.

SIDRAN LAW CORP

 /s/ Matthew K. Sidran
Matthew K. Sidran, #49004
7900 East Union Street, Suite 1100
Denver, Colorado 80237
msidran@sidranlaw
dsidran@sidranlaw.com
T: (303) 323-8570
F: (303) 323-8570
*Attorneys for Defendant,* Tesla, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-377-JLK

MAXINE HENRY, an individual,

    Plaintiff

v.
TESLA, INC.

    Defendant

---

**DECLARATION OF DAVID R. SIDRAN**

---

I, David R. Sidran, say and declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of Colorado. I am the managing attorney at Sidran Law Corp, counsel for Tesla, Inc. in this matter. I am personally familiar with the matters set forth herein and could competently testify thereto if called as a witness.

2. On March 4, 2025, In House Counsel for Tesla assigned Sidran Law Corp ("Counsel") to defend the herein matter.

3. On March 4, 2025, I assigned my associate attorney to prepare the answer Plaintiff's Complaint with the due date of March 7, 2025.

4. I inadvertently left the associate attorney assigned to answer Plaintiff's Complaint off the email chain, directing her to do so, with the email instead going solely to the firm's legal assistant and paralegal.

5. My legal assistant failed to calendar the March 7, 2025 due date of the responsive pleading in this matter.

6. As a result, no responsive pleading in this case was filed and the error was not discovered until Tesla was served with the default papers and forwarded them to the undersigned counsel. At that point, the undersigned counsel contacted Plaintiff's counsel about setting aside the default, and they agreed not to oppose this motion.

I declare under penalty of perjury pursuant to the laws of the United States and the State of Colorado that the foregoing is true and correct and that this declaration was executed  San Ramon California.

Dated: March 25, 2025

By /s/ David R. Sidran _____
David R. Sidran

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, the foregoing **DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT, AND TO SET ASIDE ANY DEFAULT JUDGMENT ENTERED PRIOR TO ADJUDICATION OF THIS MOTION** was served via CM/ECF on all parties who have entered their appearance of record or to:

*Attorney or Party Without Attorney*
Vedra Law, LLC
1444 Blake St.
Denver, CO 80202

By: */s/ Alecia Jaffe*
Alecia Jaffe