IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00377-JLK

MAXINE HENRY,

    Plaintiff,

v.

TESLA, INC., and
TD BANK, N.A.,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT T.D. BANK'S MOTION TO DISMISS (ECF NO. 10), SETTING ASIDE ENTRY OF DEFAULT AGAINST DEFENDANT TESLA, AND DENYING AS MOOT TESLA'S MOTION TO SET ASIDE ENTRY OF DEFAULT (ECF NO. 9)**

---

Kane, J.

    Plaintiff Maxine Henry served Defendant Tesla Inc. with a Summons and the initial Complaint in this case on February 14, 2025. *See* Proof of Service, ECF No. 6 at 2. Federal Rule of Civil Procedure 12 obligates a defendant to file an answer within 21 days after being served with a summons and complaint. Thus, Tesla was required to answer or otherwise respond to the complaint by March 7, 2025. Tesla failed to meet this deadline, and default was entered against it on March 12, 2025. *See* Entry of Default, ECF No. 8. Tesla then filed a Motion to Set Aside Entry of Default (ECF No. 9), which is presently pending.

    On March 26, 2025, Defendant TD Bank, N.A. filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 10). And, on April 16, 2025, Ms. Henry filed her First Amended Complaint and Jury Demand (ECF No. 12). The Rules of Civil Procedure permit Ms. Henry to amend her Complaint once as a matter of course within 21 days of the filing of TD Bank's Motion to

1

Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). The Tenth Circuit has indicated that, once an amended complaint is accepted for filing, it "supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). Therefore, the original Complaint in this case has been superseded and no longer has any legal effect.

While I was not inclined to grant Tesla's Motion to Set Aside, under the circumstances, the filing of the Amended Complaint should negate the default entered against Tesla because the default relates to the initial Complaint that is no longer operative. *See Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 710 (10th Cir. 2016) (holding that the district court did not abuse its discretion in setting aside the clerk's entry of default after an amended complaint was filed based on the reasoning that the default was directed at a superseded pleading). Accordingly, the default against Tesla is SET ASIDE, and as a result, its Motion to Set Aside (ECF No. 9) is DENIED AS MOOT.

In her Response to T.D. Bank's Motion to Dismiss (ECF No. 14), Ms. Henry requests that the Motion to Dismiss be denied as moot due to the filing of her Amended Complaint. I agree that the Motion to Dismiss should be denied, but T.D. Bank should nevertheless be permitted to file a motion to dismiss the Amended Complaint, if appropriate. Consequently, T.D. Bank's Motion to Dismiss (ECF No. 10) is DENIED WITHOUT PREJUDICE.

DATED this 21st day of April, 2025.

*/s/ John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE