**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-377-JLK

MAXINE HENRY, an individual,

    Plaintiff

v.

TESLA, INC.

    Defendant

---

**DEFENDANT TESLA INC.'S
MOTION TO COMPEL ARBITRATION AND TO STAY THE INSTANT ACTION**

---

Defendant, TESLA, INC. ("Tesla" or "Defendant"), by and though its counsel, SIDRAN LAW CORP, hereby submits its Motion to Compel Arbitration and to Stay the Instant Action, and in support thereof, Defendant testates as follows:

### Certification Pursuant to D.C.COLO.LCivR 7.1

In accordance with D.C.COLO.LCivR 7.1(b), undersigned counsel has conferred with Plaintiff, who opposes the relief requested in this Motion.

### I.    INTRODUCTION

On or around May 6, 2023, Plaintiff MAXINE HENRY ("Plaintiff") purchased a new Tesla Model X, with VIN 7SAXCBE60PF399327 (the "Vehicle"), which is the subject of this litigation. She signed a contract, titled "RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)" which as the title suggests contains a binding arbitration clause (the "RISC" or "Contract") that requires the parties to resolve any disputes concerning the sale of the vehicle by arbitration on an individual basis, if either they or Tesla so elects. Here, Tesla has informed Plaintiff through counsel that it has elected arbitration,

1

but Plaintiff has refused to comply. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, requires Plaintiff to honor her agreement.

That obligation is crystal clear in light of the holding of the Tenth Circuit United States District Court of Appeals in *Beltran v. AuPairCare, Inc.*, that the FAA requires enforcement of an arbitration provision similar to the one found in Plaintiff's purchase contract here. *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1262 (10th Cir. 2018) (citing *Sanchez v. Valencia Holding Co.* (2015) 61 Cal.4th 899.) It is notable that the Court in *Beltran*, on appeal from the United States District Court for the District of Colorado, relied on the *Sanchez* decision by the California Supreme Court, because the arbitration clause at issue here is even more favorable to the purchasers of vehicles than the one upheld in *Sanchez* and this is directly relevant because the contract at issue in *Sanchez* was a very similar Retail Installment Sale Contract, also concerning the sale of a motor vehicle.

In consideration of how the arbitration provision at issue in this matter is even more favorable to purchasers than the one upheld in *Sanchez*, Plaintiff should be compelled to arbitrate the claims asserted herein against Tesla in accordance with the arbitration agreement. In the meantime, this action should be stayed pursuant to Section 3 of the FAA. 9 U.S.C. § 3.

## II.   STATEMENT OF FACTS

The Contract for the Vehicle is attached as Exhibit "A" to the Declaration of Raymond Kim, filed concurrently herewith. (Declaration of Raymond Kim ("Kim Decl."), filed concurrently herewith, at ¶ 3 and Exhibit "A" thereto (hereinafter the "Contract").)  The Contract is a six-page document, with signature lines for the buyer in the bottom of the first page and sixth page. *See* Contract, Kim Decl. Exh. A at pp. 1-6. Plaintiff's signature appears in several places, including pages 1 and 6. (*Id.*)

On the bottom of the first page of the Contract, there is a box that reads as follows:

**Agreement to Arbitrate:**  Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on page 6 of this contract, you or we may elect to

2

resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

(Contract at p. 1.)

Plaintiff's signature appears on the signature line within that box on the first page. (*Id.*) The referenced arbitration provision, appearing by itself on page 6 of the Contract, reads as follows:

**ARBITRATION PROVISION**

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

**1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

**2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

**3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay

...

> more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.
>
> You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

*Id.* at p. 6.

Plaintiff filed this suit against Defendants on February 4, 2025. Request for Judicial Notice ("RJN"), filed concurrently herewith, at ¶ 1 and Exhibit "B" thereto; Declaration of David R. Sidran ("Sidran Decl."), filed concurrently herewith, at ¶ 2. Plaintiff's causes of action in this matter concern allegations of violations of law arising from performance of the RISC. (RJN, at ¶ 1 and Exhibit "B" thereto). Through filing her Complaint, Plaintiff has repudiated the arbitration agreement contract in the Contract, which has been confirmed through conferral efforts.

### A.     ARGUMENT

**A. <u>The FAA Requires Enforcement Of Plaintiffs' Agreement To Arbitrate With Tesla.</u>**

Plaintiff's claims against Tesla must be arbitrated – she alleges violations various statutes concerning the vehicle and RISC, including C.R.S. § 4-9-609, 15 U.S.C. § 1691 and C.R.S. § 4-9-210. The contract effectuating the purchase of the vehicle that is the subject of this litigation undeniably contains an arbitration provision that covers these claims. (Contract, Kim Decl. Exh. A, at p. 2.) For example, C.R.S. § 4-9-609 concerns Plaintiff's performance under the RISC

4

and any default thereunder as well as the Vehicle, and whether it can be repossessed. Therefore, the claim under C.R.S. § 4-9-609 clearly renders this matter subject to arbitration.

Plaintiff became bound by this arbitration provision by signing the Contract and the scope of the dispute falls comfortably within the scope of Plaintiff's agreement to arbitrate "all other disputes between the parties (including those related to use of the Tesla platform or those arising before this Agreement)" between Plaintiff and Tesla. *See Id*. Her counsel also refuses to stipulate to move this matter into arbitration.

Even if there were any uncertainty as to whether Plaintiff's claims are arbitrable – and there is none – numerous courts including the U.S. Supreme Court, Tenth Circuit United States District Court of Appeals and Colorado Court of Appeals have held that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 56 (1995); *BOSC, Inc. v. Bd. of Cnty. Commissioners of Cnty. of Bernalillo*, 853 F.3d 1165, 1169 (10th Cir. 2017); *Digital Landscape Inc. v. Media Kings LLC*, 440 P.3d 1200, 1206 (Colo App. 2018). Accordingly, absent a complete deviation from *stare decisis*, this matter must be arbitrated.

The FAA requires enforcement of Plaintiffs' arbitration agreement with Tesla. The FAA applies to any arbitration agreement that is "written" and in a contract "evidencing a transaction involving [interstate] commerce." 9 U.S.C. §§ 1-2. Both criteria are met here. First, the arbitration provision is undoubtedly in writing. Contract, Kim Decl. Exh. A, at p. 6. Second, automotive sales contracts necessarily involved interstate commerce, because even when used intra-state, cars are themselves instrumentalities of interstate commerce, evidenced by how they are sold in all fifty states, manufactured across state lines and how the manufacturer is headquartered in only one state. *See United States v. Clements*, 5:23-CR-01389-MIS, 2024 WL 130964, at *3 (D.N.M. Jan. 11, 2024); *United States v. Windham*, 53 F.4th 1006, 1013 (6th Cir. 2022); *United States v. Cobb*, 144 F.3d 319, 322 (4th Cir. 1998); *United States v. McHenry*, 97 F.3d 125, 126-27 (6th Cir. 1996); *United States v. Bishop*, 66 F.3d 569, 590 (3d Cir. 1995); *United States v. Robinson*, 62 F.3d 234, 236-37 (8th Cir. 1995); *United States v. Oliver*, 60 F.3d 547, 550 (9th Cir. 1995).

Under the FAA, Plaintiff's arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As the U.S. Supreme Court has explained, "[t]he overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). And this "liberal federal policy favoring arbitration agreements" applies "notwithstanding any state substantive or procedural policies to the contrary." (*Id.* at 346 (quotation marks omitted); *accord*, *e.g.*, *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1251 (10th Cir. 2018).) And the FAA not only "preempts any state rule discriminating on its face against arbitration—for example, a 'law prohibit[ing] outright the arbitration of a particular type of claim'," but also "displaces any rule that covertly accomplishes the same objective by disfavoring contracts that . . . have the defining features of arbitration agreements." *Kindred Nursing Centers v. Clark,* 137 S.Ct. 1421, 1426 (2017).

Here, no grounds "exist at law or in equity for the revocation of" Plaintiff's arbitration agreement. *See* 9 U.S.C. § 2. Any contention, for instance, that the arbitration provision is unconscionable would squarely conflict with binding precedent from both the Colorado and United States Supreme Courts.

Indeed, the decision in *Beltran* leaves no doubt that the arbitration agreement in this case is fully enforceable. In *Beltran*, the Court relied heavily on the *Sanchez* opinion's findings that the entirety of a substantially similar arbitration provision was valid against a wide array of unconscionability challenges. *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1251 (10th Cir. 2018); *accord, Sanchez v. Valencia Holding Co.*, 61 Cal.4th 899, 913-24 (2015). *Sanchez* arose from the plaintiff's purchase of a used Mercedes-Benz from a California auto dealer (*Id.* at 907, 921). Like Plaintiff here, the plaintiff in *Sanchez* signed a form contract containing an arbitration provision— the terms of which are similar to those at issue in this case. (*Compare Sanchez,* 61 Cal.4th at 907-908 *with* Contract, Kim Decl. Exh. A, at p. 2.)

In upholding the enforceability of the arbitration agreement in *Sanchez*, the California

6

Supreme Court rejected a number of unconscionability arguments raised by the plaintiff in that case, which has been accepted by the Tenth Circuit through the decision in *Beltran*:

- The defendant "was under no obligation to highlight the arbitration clause of its contract, nor was it required to specifically call that clause to [plaintiff's] attention"; indeed, the Court explained, "[a]ny state law imposing such an obligation would be preempted by the FAA." (*Sanchez*, 61 Cal.4th at 914 (citing *Doctor's Assocs., Inc. v. Casarotto* (1996) 517 U.S. 681, 684, 687-88).)

- The provision in the *Sanchez* contract requiring the seller to "advance the car buyer's filing, administration, service, and case management fees and arbitrator or hearing fees 'up to a maximum of $2,500, which may be reimbursed' at the arbitrator's discretion" was not found to be unconscionable. (*Sanchez*, 61 Cal.4th at 917-21.) Although the Court of Appeal had held that the provision was inadequate in connection with the arbitration appeal process (which is not included in the contract at issue in this case), the Supreme Court rejected that argument, noting ty hpat statutory protections waiving all arbitration fees for indigent consumers exist and that the plaintiff had failed to demonstrate that the appellate arbitration filing fees were unaffordable. (*Id.* at 917-21.) In this case, the arbitration provision requires Tesla to "pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5,000, unless the law or rules of the chosen arbitration organization require us to pay more." (Contract at p. 2, Exh. "A" attached to Kim Declaration). This is much more generous than the Buyer advancing $2,500 for possible reimbursement like in *Sanchez*.

- Finally, in light of *Concepcion*, the FAA preempted any state-law holding that the class-action waiver was unconscionable. (*Sanchez,* 61 Cal.4th at 923-24.)

The provisions in Plaintiff's arbitration agreement are more consumer-friendly than those in the relevant agreement in *Sanchez* (which passes muster in for the Tenth Circuit pursuant to

7

*Beltran*,) are not unconscionable, and thus are clearly enforceable.

### B. Defendant Has Done Nothing To Waive The Right To Arbitrate This Case.

As a basis for refusing to stipulate to arbitration with Tesla, Plaintiff's counsel expressed that Tesla has somehow waived the right to arbitration through its conduct. Nothing could be further from reality. Here is a chronology of Tesla's activities in this case:

1. Tesla filed its motion to set aside the default entered against it.

2. After the filing of the amended complaint negated the default, Tesla answered the first amended complaint, alleging that this matter must be arbitrated in accordance with the contract between the parties in its eleventh affirmative defense on or about April 23, 2025.

3. Tesla participated in drafting the Stipulated Scheduling and Discovery Order again asserting its right to arbitrate in sections 2(b), 5(e),(f),(g), 5(i)(b), 6(a), (b), (c), (d), (e), (f), (g), (h), (i) and (j), 8(a), (b) and (c).

While Tesla has made a settlement offer, there is no basis to conclude that settlement negotiations waive the right to arbitrate. Tesla brings this motion less than two months after filing its answer.

The standard for waiver of the right to arbitrate in this circuit was the subject of an exhaustive analysis by the court in *Hill v. Ricoh Americas Corp* (10th Cir. 2010) 603 F3d. 666 as follows:

> Assessing the specifics of the case before us, we hold that there was no waiver. True, Ricoh did not demand arbitration until four months after answering the complaint. But that length of time in itself does not establish waiver. This circuit has no published opinion ruling that there was waiver because of the delay in making a demand for arbitration when the delay was four months or less after the answer. *Cf. Metz,* 39 F.3d at 1486 (defendant moved to compel arbitration three weeks after complaint was filed, but it waived the right to arbitrate certain claims by its later conduct in the litigation.) Other circuits have held that there was no waiver despite delays of four months or more after answering the complaint. *See, e.g., Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.,* 380 F.3d 200, 203, 205 (4th Cir.2004) (seven-month delay; four-month delay after party learned of

8

arbitration agreement); *J & S Const. Co., Inc. v. Travelers Indem. Co.,* 520 F.2d 809, 809–10 (1st Cir.1975) (13–month delay after suit filed).

The critical question is what was happening in this litigation during the four months between the answer to the complaint and the demand for arbitration. The answer is, very little. The most important activity shown by the record was the magistrate judge's setting the schedule for the litigation. When Ricoh requested an order compelling arbitration, the trial was not to take place for another 11 months, discovery could continue for another five-and-a-half months, and the deadline for completing ADR was still more than two months ahead. The only discovery that had been initiated consisted of Mr. Hill's request for production of documents and the parties' disclosures under Rule 26(a)(1) (Mr. Hill asserts that he disclosed his witnesses, exhibits, and itemization of damages); both Mr. Hill's request and his disclosure were only a week before Ricoh's demand.

In *Patten Grading,* 380 F.3d at 200, the Fourth Circuit held that there had been no waiver despite more discovery than occurred in this case. The parties "exchanged written discovery, including interrogatories and requests for production of documents." *Id.* at 203. They also participated in court-ordered mediation. Patten then received permission to add another claim, and discovery was reopened for another month. Only at that point did the opposing party, Skanska, move to stay the proceedings and compel arbitration. *See id.* The Fourth Circuit characterized the conduct of discovery as "minimal" and noted that there was no evidence that such discovery was unavailable in arbitration, or that Skanska had "gained a strategic advantage through its discovery requests." *Id.* at 206–07. *See also Williams v. Cigna Fin. Advisors Inc.,* 56 F.3d 656, 661 (5th Cir.1995) (the parties had "exchanged Rule 26 discovery"); Gabriel M. Wilner, 1 Domke on Commercial Arbitration § 19:07 at 10 (rev. ed.2002) ("conducting discovery prior to seeking to compel arbitration does not constitute prejudice where the documents produced by discovery are also discoverable in arbitration")

We recognize that the prior conduct of discovery was a factor in finding waiver in our decision in *MidAmerica;* but discovery had actually been completed and a number of other factors (including completion of one trial) also supported waiver. *See MidAmerica,* 886 F.2d at 1261.

The minimal litigation activity before Ricoh demanded arbitration also compels the conclusion that granting Ricoh's demand would lead to minimal inefficiency (from duplication of effort in court and in arbitration) and would not result in any improper manipulation of the judicial process by Ricoh. And there is no evidence in the record that Ricoh intentionally and knowingly relinquished its right to demand arbitration.

(*Id*. at 775-776).

Here, there is no trial date set, the delay is shorter than in Hill, there has been less litigation

activity and Tesla has done nothing inconsistent with its assertion of the right to arbitrate this case. In fact, the only affirmative conduct by Tesla consisting of (1) filing a motion to set aside its default and (2) answering the first amended complaint are actions compelled under the rules of civil procedure in order protect Tesla from prejudice in the litigation and to maintain its right to arbitrate. Accordingly, if Plaintiff raises the issue of waiver as a grounds to deny this motion, that argument must fail for lack of any legal or factual merit.

### C. The Forum For Arbitration Must Be The American Arbitration Association.

Pursuant to the arbitration agreement, the forum for arbitration is determined by the following language: "You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval." However, since Defendant has compelled arbitration due to Plaintiff's reputation of Defendant's right to arbitrate under the foregoing arbitration clause, the court must order the arbitration to be administered by AAA because under the subject arbitration cluse Defendant has no discretion as to the forum.

Moreover, since Plaintiff has not (1) abided by Defendant's right to arbitrate this matter, (2) is not demanding arbitration and (3) is not in any way enforcing her right to arbitrate under the RISC over Defendant's demands to stipulate to arbitration, it must be true that by the point that Defendant files a motion to enforce its right to arbitrate, Plaintiff necessarily waived her right to influence the forum or to even propose an alternative to AAA under the above clause selection language. Nevertheless, since Defendant is effectively exercising its discretion to decline any arbitration forum other than AAA through its request for an order granting this motion and compelling arbitration at AAA, any such right that Plaintiff might retain has no effect. Likewise, this decision to reject any forum other than AAA is reasonable due to considerations such as administration cost and speed, as well as the failure for Plaintiff to propose any other forum.

### D. This Lawsuit Should Be Stayed Pending Arbitration.

When, as here, the parties expressly agree to resolve disputes by arbitration, "[t]he FAA controls, including section 3 which requires the court to stay the judicial proceeding and compel

10

arbitration." *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1291 (10th Cir. 2015); *Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376, 1379 (10th Cir. 2009); *see also* 9 U.S.C. § 3 (providing for a stay of court proceedings pending the resolution of arbitration). Accordingly, in addition to ordering this case to arbitration, the Court should enter a stay pending the outcome of that arbitration of Plaintiff's claims against Defendant TESLA, INC. denial of that

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant this Motion, order that Plaintiff's claims against Defendant TESLA, INC. be arbitrated, and that the instant action be stayed pending the outcome of arbitration.

Dated this 24th day of June 2025.

SIDRAN LAW CORP

 /s/  Matthew K. Sidran
Matthew K. Sidran, #49004
7900 East Union Street, Suite 1100
Denver, Colorado 80237
msidran@sidranlaw.com
dsidran@sidranlaw.com
T:  (303) 323-8570
F:  (303) 323-8570
*Attorneys for Defendant,* Tesla, Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on the 24th day of June, the foregoing **DEFENDANT TESLA INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY THE INSTANT ACTION** was served via CM/ECF on all parties who have entered their appearance of record or to:

*Attorney or Party Without Attorney*
Vedra Law, LLC
1444 Blake St.
Denver, CO 80202


                By: */s/ Alecia Jaffe*
                Employee of Sidran Law Corp